Argued and submitted November 6, 2020, affirmed February 24, 2022

Hardip SANDHU,
*Plaintiff-Appellant,*

*v.*

Sushil KUMAR,
*Defendant-Respondent.*

Klamath County Circuit Court
15CV19713; A171049

506 P3d 448

Plaintiff appeals from a judgment of the trial court dismissing his claims that seek to dissolve a partnership he had with defendant and to liquidate the partnership's assets. Plaintiff challenges the trial court's determination that he was judicially estopped to bring the claims because of his failure to disclose the partnership interest during an earlier bankruptcy proceeding. *Held*: The Court of Appeals did not address the judicial estoppel issue, because it affirmed the trial court's ruling based on the conclusion that plaintiff lacked standing under ORS 67.300 to bring the claims. The court explained that, as a result of plaintiff's failure to disclose his partnership interest in the bankruptcy proceeding, plaintiff's partnership interest remained a part of the bankruptcy estate, and plaintiff therefore did not have standing as a partner to seek a winding up of the partnership.

Affirmed.

Andrea M. Janney, Judge.

Christopher L. Cauble argued the cause for appellant. Also on the brief was Cauble, Selvig & Whittington, LLP.

Robert A. Graham Jr. argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Plaintiff appeals from a judgment of the trial court dismissing his claims that seek to dissolve a partnership he had with defendant and to liquidate the partnership's assets. On appeal, plaintiff challenges the trial court's determination that he was judicially estopped based on his actions during an earlier bankruptcy proceeding. We need not reach plaintiff's challenge to the judicial estoppel ruling because, as explained below, we conclude that plaintiff did not have standing to seek a winding up of the partnership. Accordingly, we conclude that the trial court did not err in dismissing plaintiff's claims and affirm.

The parties tried the case on stipulated facts: In October 2008, the parties entered into a partnership agreement to operate "Ray's Market," a convenience store and gas station in Klamath Falls. In May 2009, without notifying defendant, plaintiff filed a bankruptcy petition in the Eastern District Court of California under Chapter 13 of the United States Bankruptcy Code, which he later converted to a petition under Chapter 7. Plaintiff did not list his partnership interest in the bankruptcy petition. In December 2009, plaintiff received a discharge in bankruptcy. Ray's Market has continued in operation, and the partnership has not been wound up.

In 2015, plaintiff brought this action, seeking a dissolution of the partnership, an accounting, damages for unjust enrichment, and the imposition of a constructive trust. He sought to be appointed to wind up the business.[1] Defendant answered that the partnership already had dissolved and ceased to exist when, upon filing his petition in bankruptcy, plaintiff became "dissociated" as a partner. ORS 67.220(6)(a), (c).[2] Defendant further contended that, by

---

[1] Plaintiff alleged that defendant had excluded him from the sharing in the profits of the business. He sought to be compensated for half the profits of the partnership since its inception as well as his capital contributions and any funds wrongfully retained. He sought the imposition of a constructive trust on the assets of the partnership and the appointment of a receiver to sort out the parties' financial interests.

[2] ORS 67.220 provides that a partner of a general partnership "is disassociated from a partnership" if:

"(6) The partner is:

not disclosing the partnership interest in the bankruptcy proceeding, plaintiff either waived that interest or is judicially estopped from asserting it. *See Glover v. Bank of New York*, 208 Or App 545, 147 P3d 336 (2006), *rev den*, 342 Or 416 (2007) (discussing judicial estoppel in context of a failure to disclose assets in a bankruptcy proceeding).

Plaintiff replied that judicial estoppel was not applicable in a proceeding under ORS chapter 67 to wind up the partnership.[3] He contended that, although the partnership may have been dissolved by the filing of the petition in bankruptcy, the partnership cannot terminate until there has been a "winding up." There having been no winding up, plaintiff contended, the partnership continues. Plaintiff sought the appointment of a receiver to conduct the winding up of the partnership and asked the trial court to determine when plaintiff became dissociated from the partnership.

After a hearing, the trial court agreed with defendant that plaintiff was judicially estopped from asserting any interest in the partnership. The court ruled that the partnership had been dissolved with the bankruptcy petition and that plaintiff was judicially estopped from asserting that he has an interest in the partnership. The court dismissed plaintiff's claims with prejudice and entered judgment for defendant.

On appeal, plaintiff focuses his two assignments of error on the trial court's rejection of his request for a winding up of the partnership. He concedes that his bankruptcy

---

"(a) Becoming a debtor in bankruptcy;

"(b) * * * * *

"(c) Seeking, consenting to or acquiescing in the appointment of a trustee, receiver or liquidator of that partner or of all or substantially all of that partner's property[.]"

[3] Plaintiff points out that the parties' partnership agreement provides that "the parties * * * agree [to] operate this business as part of the Uniform General Partnership Act as adopted and interpreted pursuant to the laws of the State of California," but the parties have nonetheless litigated this case under Oregon law. In any event, the outcome would be the same if we were to analyze the case under California law. Like Oregon, California has adopted the Revised Uniform Partnership Act, and California Corporate Code provisions relating to the dissociation of a partner upon a filing for bankruptcy and the winding up of a partnership are substantively the same as ORS 67.220 and ORS 67.300(1). *See* Cal Corp Code § 16601; Cal Corp Code § 16603.

filing resulted in a "wrongful dissociation" from the partnership, ORS 67.225(2)(b)(C) (A partner's disassociation is "wrongful" if "[t]he partner is dissociated by becoming a debtor in bankruptcy[.]"), as well as a dissolution of the partnership, ORS 67.290(7) (A partnership is dissolved and its affairs must be wound up when "[t]here are no longer two or more partners carrying on as co-owners the business of the partnership for profit."), and that he is not entitled to participate in the winding up, ORS 67.300(1) ("After dissolution, a partner who has not wrongfully dissociated may participate in winding up the partnership's business[.]"). But he contends that the trial court nonetheless erred in rejecting his request for the appointment of a receiver to wind up the partnership, to which he claims he is entitled as a partner, *see* ORS 67.300(1) ("[O]n application of any partner, \* \* \* the circuit court, for good cause shown, may order judicial supervision of the winding up."), and which he argues would determine the value, if any, of plaintiff's interest. Plaintiff argues that the trial court's judicial estoppel rationale is a "red herring" that has no bearing on his right as a partner to seek a winding up of the partnership. He asserts that any issues relating to his failure to disclose his partnership interest in the bankruptcy proceeding are between him and the bankruptcy court and have nothing to do with his rights under ORS chapter 67.

We conclude that the trial court did not err in dismissing the claims. Plaintiff's argument correctly observes that, under the Oregon Revised Partnership Act, the dissolution of the partnership did not result in its termination and that the partnership has yet to be wound up. But we need not reach plaintiff's contention that the trial court erred in its application of judicial estoppel. That is because we conclude for a different reason that the trial court was correct that plaintiff may not initiate a winding up.

As an initial matter, we agree with plaintiff's assertion that the dissolution of the partnership did not terminate the partnership. The partnership continues after dissolution for the purpose of winding up its business. ORS 67.295 ("The partnership is terminated when the winding up of its business is completed."); *Timmermann v. Timmermann*, 272 Or 613, 626, 538 P2d 1254 (1975) (observing that "[d]issolution

alone does not act to terminate the partnership but rather designates the point in time when the partners cease to carry on the business together" (internal quotation marks and citation omitted)). But despite our agreement with plaintiff's argument on that point, we do not agree that the trial court erred in dismissing plaintiff's claims.

As we explained in *Concienne v. Asante*, 299 Or App 490, 499-500, 450 P3d 533 (2019), *rev den*, 366 Or 135 (2020), a person who files for bankruptcy has an affirmative duty to list all assets and liabilities. The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 USC § 541(a)(1), whether listed or not listed in the petition. Thus, although plaintiff failed to disclose his interest in the partnership in his bankruptcy petition, it became a part of the bankruptcy estate.[4] Plaintiff's failure to list his interest in the partnership meant that the bankruptcy trustee could not consider the asset in discharging plaintiff's debts. It also meant that, upon discharge, the partnership interest, which was unknown to the bankruptcy trustee, was not abandoned to plaintiff and remains a part of the bankruptcy estate. *Concienne*, 299 Or App at 500 (recognizing that "a debtor's nonexempt property belongs to the estate whether or not it is scheduled"); 11 USC § 554(d) (providing that, unless the court orders otherwise, property of the estate that is not abandoned by the bankruptcy trustee and that is not administered remains property of the estate).

ORS 67.300(1) provides: "After dissolution, a partner who has not wrongfully dissociated may participate in winding up the partnership's business, but *on application of any partner*, partner's legal representative or transferee, *the circuit court, for good cause shown, may order judicial supervision of the winding up*." (Emphases added.) Based on the italicized text, plaintiff asserts that, despite the fact that he is a wrongfully dissociated partner, as a partner, he is entitled to seek judicial supervision of a winding up. We are skeptical of plaintiff's apparent understanding that

---

[4] As plaintiff's counsel acknowledged at oral argument, had plaintiff disclosed the partnership in the bankruptcy, the trustee would, in essence, have become the partner.

a wrongfully dissociated partner may initiate a winding up of the partnership. That issue, however, is not before us and, therefore, we need not address it. That is because we resolve the case on a jurisdictional basis. As we explained in *Concienne*, 299 Or App at 500, "[a]s to legal claims that a debtor might have against third parties that are property of the estate, the bankruptcy trustee is the real party in interest to the exclusion of the debtor and has standing to pursue those claims or is entitled to abandon them." Under 11 USC section 554(d), plaintiff's partnership interest does not belong to him; rather, the partnership interest belongs to the bankruptcy trustee. For that reason, we conclude that, even assuming that he could otherwise do so as a wrongfully dissociated partner, plaintiff does not have standing under ORS 67.300 to seek a winding up of the partnership. Although the parties have not raised the issue of plaintiff's standing, we have an independent obligation to consider jurisdictional issues. *See Concienne*, 299 Or App at 497 (so stating). Thus, because plaintiff lacked standing to seek a winding up of the partnership, we conclude that the trial court did not err in dismissing plaintiff's claim.

Affirmed.